TOM KENNEDY v. THE STATE.

No. 8899.   Delivered March 4, 1925.

**1.—Murder—Bills of Exception—Not Considered—Unless Filed in Time.**

Where a bill of exceptions is not filed within the time prescribed by law, they will not be considered on appeal.

**2.—Same—Evidence Sustains Conviction.**

In this case appellant was convicted of the murder of his wife, by poisoning. The evidence supports the verdict of the jury, and the charge of the court, having clearly and accurately presented the law of the case, the judgment is affirmed.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of murder; penalty, fifteen years in the penitentiary.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the murder of his wife, Martha Kennedy, by strychnine poison. His punishment was assessed at confinement in the penitentiary for 15 years.

The term of court at which appellant was tried adjourned on the 3d day of May. No order was entered extending the time for filing bills of exception beyond the 30 days allowed by law. They were not filed until July 1st, long after the expiration of the 30-day period. We regret that they can not be considered.

Appellant and deceased were married on August 3, 1903. She procured a divorce from him in July, 1921. Appellant then married Myrtle Jernigan. He procured a divorce from her on the 28th day of January, 1922 and re-married deceased, his former wife, on the same day. All parties concerned were negroes. About four months before the date of the alleged murder it was discovered that deceased was afflicted with a fibroid tumor of malignant type which necessitated a serious operation if any relief was to be had, and the result of such an operation seemed to be uncertain. In November prior to the killing in January appellant met a young woman by the name of Eva May Hemphill who was at that time living in Waco but had formerly lived at Austin. Appellant became very attentive to her and they became engaged to be married. Sexual relations were maintained between them. She asserted that she did not know appellant was a married man. She returned to Austin and appellant wrote her several letters. He visited her there upon one occasion. In one of the letters he apologized for not having come to see her at a certain time, stating that he had been prevented on account of the death of a relative. In fact he had no relative to die about that time. He spoke in the letter of a trip to San Antonio to attend to some important business. After his wife died he took her to San Antonio for burial. Tennie Ruth Brown, a girl 13 years of age and a niece of deceased, was staying with and caring for her aunt at the time of this alleged murder. She testified that on the morning of her aunt's death appellant called her attention to some water in a small green bucket and cautioned her not to drink it and said he was not going to drink any of it. He told her if she gave deceased a drink from the bucket to be sure and rinse it out good before using it again. Witness did give deceased a drink out of the bucket and a short time thereafter she went into convulsions and died in a short time. All the symptoms indicated strychnine poisoning. Upon examination of her stomach it was shown beyond question that strychnine was present. The water was poured from the bucket into a cup. Traces of strychnine were also found in the drops of water left in the cup, but the bucket had been rinsed out

99 Tex. Crim.—26.

as directed. We think it unnecessary to relate any further facts in detail. They are amply sufficient to support the verdict.

A number of special charges were requested to the refusal of which exception was reversed. We have examined them and believe in view of the main charge submitted there was no necessity for giving any of the refused special charges.

The judgment is affirmed.

*Affirmed.*